HENSON ROBINSON COMPANY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Henson Robinson Co. v. Commissioner
Docket No. 20868-81.
United States Tax Court
T.C. Memo 1984-358; 1984 Tax Ct. Memo LEXIS 318; 48 T.C.M. (CCH) 508; T.C.M. (RIA) 84358; 1985-1 Trade Cas. (CCH) P66,514; July 12, 1984. Robert E. Gillespie, for the petitioner. Michael W. Bitner, for the respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: Respondent determined deficiencies in petitioner's income taxes for fiscal years 1978 and 1979 in the respective amounts of $10,195.73 and $8,480.00. After concessions, the only issue remaining is whether petitioner is entitled to deduct as a business expense the $27,045 it paid in fiscal year 1976 "in lieu of any penalty" prescribed by section 60-7(4) of the *319 Illinois Antitrust Act. Resolution of this issue will determine the amount of petitioner's deductions in 1978 and 1979 for net operating losses and charitable contributions. FINDINGS OF FACT The facts in this case have been stipulated and the case submitted under Rule 122. [1] The stipulation and exhibits attached thereto are incorporated herein by reference. Petitioner, Henson Robinson Company, is a Delaware corporation with its principal place of business at all pertinent times in Springfield, Illinois. For the fiscal years ending on the last day of February in 1976, 1977, 1978 and 1979, it filed corporate income tax returns with the Kansas City Service Center. From its organization in 1951 through the tax years in issue, petitioner was a contractor deriving its income from the installation of ventilation systems, sheet metal fabrication, and hot tar roofing. On July 17, 1975, the State of Illinois filed a complaint in the Circuit Court for Sagamon County against the petitioner and Several other corporations and individuals in which the State alleged that the defendants *320 had engaged in a conspiracy to violate the Illinois Antitrust Act (Ill. Ann. Stat. ch. 38, § 60-1, etseq.). In addition to other relief, the State requested that the Circuit Court impose a $50,000 penalty against each defendant pursuant to section 60-7(4) of the Antitrust Act. [2]
On the next day, July 18, 1975, the case before the Circuit Court was disposed of by the entry of a *321 Final Judgment and Consent Decree. The Final Judgment and Consent Decree was signed by all of the defendants and provided in pertinent part that "in lieu of any penalty otherwise prescribed for a violation of the Illinois Antitrust Act, defendants are ordered and directed to pay to plaintiff the aggregate sum of $85,000, pursuant to Chapter 38, Section 60-7, Illinois Revised Statutes (Smith-Hurd 1973). Said payment is by agreement of the parties and is in no way to be construed as an acknowledgement of guilt or liability [by the defendants] * * *." The $85,000 was paid by the defendants on September 16, 1975 and was ultimately distributed to Sagamon County, a political subdivision of the State of Illinois. Petitioner's pro rata share of the payment was $27,045.46. On its income tax return for the year ended February 29, 1976, petitioner deducted the $27,045.46 as a business expense. In his notice of deficiency, the respondent disallowed the deduction in its entirety. OPINION Section 162(a)[3] generally allows the deduction of all ordinary and necessary business expenses. However, *322 section 162(f) specifically prohibits the deduction under section 162(a) of any fine or similar penalty paid to a government for the violation of any law. [4]
Section 162(f) was enacted to reflect the rule adopted in several decisions that certain fines and similar penalties were not deductible as business expenses. S. Rept. No. 91-552 (1969), 1969-3 C.B. 423, 596-598; Conf. Rept. No. 91-782 (1969), 1969-3 C.B. 644, 676-678.The deduction of the fines and similar penalties had been disallowed on *323 the grounds that their allowance would be contrary to public policy. See S. Rept. No. 91-552, supra, 1969-3 C.B. at 596-597; Tank Truck Rentals, Inc. v. Commissioner,356 U.S. 30 (1958). Compare Commissioner v. Tellier,383 U.S. 687 (1966). Petitioner argues that in this case the Final Judgment and Consent Decree specifically provides that payment was "in lieu of" any penalty and was not to be construed as an acknowledgement of guilt or liability. The payment, however, was obviously made to dispose of by agreement, consent, or settlement any claim which the State had to a penalty under the statute and, as such, is in direct conflict with respondent's applicable regulation which states that the words "fine or similar penalty" as used in section 162(f) "includes an amount * * * paid in settlement of the taxpayer's actual or potential liability for a fine or penalty (civil or criminal)." Sec. 1.162-21(b)(1)(iii), Income Tax Regs. The regulation has been reviewed with approval by both the Court of Claims and this *324 Court. See Adolf Meller Co. v. United States,220 Ct. Cl. 500, 600 F.2d 1360 (1979); see also Shapiro v. Commissioner,T.C. Memo. 1981-719. With regard to what constitutes a penalty similar to a fine under section 162(f), we have previously held that civil penalties imposed to encourage prompt compliance with a law or as a remedial measure to compensate another party for expenses incurred as a result of a violation, are not "similar" to a fine within the meaning of section 162(f) and are deductible. Middle Atlantic Distributors, Inc. v. Commissioner,72 T.C. 1136 (1979). [5] On the other hand, we have also held that the deduction of penalties imposed by civil statutes for purposes of enforcing the law or punishing violations thereof are prohibited by section 162(f). Tucker v. Commissioner,69 T.C. 675 (1978). The penalty provided by Section 60-7(4) of the Antitrust Act is not designed to compensate any aggrieved party. Such compensation is provided in the form of treble damages by Section 60-7(2) of the same act. Furthermore, *325 the penalty provided by Section 60-7(4) of the Illinois Antitrust Act has been specifically referred to by the Illinois courts as a "civil fine." See People ex rel Fahner v. Climatemp, Inc.,101 Ill. App. 3d 1077, 428 N.E.2d 1096 (1981). It is apparent, therefore, that the penalty involved in this case is a penalty similar in nature to a fine under section 162(f) and is not deductible as a business expense. It is equally apparent that the payment of any sum in lieu of such penalty amounts to a settlement of such penalty and is also not deductible. Decision will be entered under Rule 155.
Footnotes
1. All rule references are to the Tax Court Rules of Practice and Procedure unless otherwise provided.↩
2. Section 60-7(4) of the Illinois Antitrust Act is as follows: Sec. 60-7. CIVIL ACTIONS AND REMEDIES. (4) In lieu of any penalty otherwise prescribed for a violation of this Act, and in addition to an action under Section 7(1) of this Act, the Attorney General may bring an action in the name and on behalf of the people of the State against any person, trustee, director, manager or other officer or agent of a corporation, or against a corporation, domestic or foreign, to recover a penalty not to exceed $50,000 for the doing in this State of any act herein declared illegal. The action must be brought within 4 years after the commission of the act upon which it is based. [Footnote omitted.]↩
3. All section references are to the Internal Revenue Code of 1954, as in effect during the years in issue. ↩
4. The pertinent portions of section 162(a) and (f) are as follows: SEC. 162. TRADE OR BUSINESS EXPENSES. (a) IN GENERAL.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * * * * * (f) FINES AND PENALTIES.--No deduction shall be allowed under subsection (a) for any fine or similar penalty paid to a government for the violation of any law.↩
5. Sec. 1.162-21(b)(2), Income Tax Regs., also recognizes that such compensatory penalties do not constitute fines or penalties falling within the prohibition of section 162(f)↩.